IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

Case No. 15-1499

GORDON MACRAE,

APPELLANT,

– AGAINST –

RICHARD M. GERRY, WARDEN,
NEW HAMPSHIRE STATE PRISON

RESPONDENT

-----------------------------------------------------------
APPELLANT'S REQUEST FOR A
CERTIFICATE OF APPEALABILITY
AND CONSOLIDATED MEMORANDUM OF LAW
-----------------------------------------------------------

ROBERT ROSENTHAL
COUNSELOR AT LAW
523 EAST 14TH STREET, SUITE 8D
NEW YORK, NEW YORK 10009
ROBERT@ROBERTROSENTHAL.COM
(212) 353-3752

ATTORNEY FOR PETITIONER GORDON MACRAE

Dated: June 27, 2015

# TABLE OF CONTENTS

I.     INTRODUCTION     1

A.     THE DISTRICT COURT DEPARTED FROM SETTLED RULES
GOVERNING MOTIONS TO DISMISS     1

B.     THE DISTRICT COURT FAILED TO CONSIDER NEW EVIDENCE
IN THE CONTEXT OF THE TRIAL AND ALL OF THE EVIDENCE     2

II.     STANDARD FOR GRANTING COA     2

III.     STATEMENT OF THE CASE     3

A.     PROCEDURAL HISTORY     3

B.     STATEMENT OF FACTS     4

     1.     Preliminary Statement     4

     2.     The State Developed a Weak Case for Trial     5

     3.     It Was Defense Counsel's Conduct That Won the Conviction     6

IV.     REASONS FOR GRANTING COA     8

A.     A COA SHOULD BE GRANTED BECAUSE THE DISTRICT COURT DEPARTED
FROM SETTLED RULES FOR DECIDING MOTIONS TO DISMISS     8

     1.     Motions to Dismiss a 2254 Petition are Governed by
Fed.R.Civ.P. 12(b)(6)     8

     2.     MacRae's §2254 Petition Contains All the Necessary Elements
for Legal Sufficiency     10

     3.     The District Court's Departure From Settled Rules Warrant
a COA     10

B.     THIS COURT SHOULD GRANT A COA BECAUSE IT IS DEBATABLE
WHETHER THE DISTRICT COURT WAS CORRECT IN REJECTING
THE ACTUAL INNOCENCE CLAIM.       13

    1.    Actual Innocence Analysis Requires Consideration of New
        Evidence in the Context of the Entire Case     14

    2.    The District Court Did Not Conduct a Proper Analysis     15

        a.    The Court Applied a Novel and Erroneous Standard
            of Review     15

        b.    The District Court Did Not Consider the Context of the
            Entire Case     15

        c.    The District Court Subjected the New Evidence to an
            Erroneous Criteria     18

V.    CONCLUSION     19

# TABLE OF CASES AND AUTHORITIES

## Cases

*Artuso v. Vertex Pharm,, Inc.*, 637 F.3d 1, 5 (1st Cir. 2011)          9

*Barefoot v. Estelle*, 463 U.S. 880 (1983)          3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007)          9

*Delgado v. Dennehy*, 503 F.Supp.2d 411, 413 (D.Mass. 2005)          8, 11

*Dellelo v. Ponte*, 7 F.3d 218 (1st Cir. 1993)          12

*Finley v. Johnson*, 243 F.3d 215 (5th Cir. 2001)          14, 18

*Haynes v. Quarterman*, 526 F3d 189 (5th Cir. 2008)          3

*House v. Bell*, 547 U.S. 518 (2006)          14

*Houston v. Lack*, 487 US 266 (1988)          3, 12

*Lambright v. Stewart*, 220 F.3d 1022 (2000)          3

*Lemelson v. U.S. Bank Nat Ass'n.*, 721 F3d 18 (1st Cir. 2013)          8

*Lozada v. Deeds*, 498 U.S. 430, 431-432 (1991)          3, 11

*McQuiggin v. Perkins*, __ U.S. __, 133 S.Ct. 1924 (2013)          1, 10, 13, 16

*Miller-El v. Cockrell*, 537 U.S. 322 (2003)          2, 11

*Porter v. Gramley*, 112 F.3d 1308 (7th Cir. 1997)          3

*Randolph v. Kemna*, 276 F.3d 401 (8th Cir. 2002)          3

*Sanchez ex rel D.R.-S. v. United States*, 671 F.3d 86 (2012)          9

*Schlup v. Delo*, 513 U.S. 298 (1995)          13, 15

*Silva v. Wood*, 14 Fed.Appx. 803 (9th Cir. 2001)                    14, 18

*Slack v. McDaniel*, 529 U.S. 473 (2000)                               2, 11

*Smith v. Wainwright*, 737 F.2d 1036 (11th Cir. 1984)                3, 12

*Souter v. Jones*, 395 F.3d 577 (6th cir. 2005)                      14, 18

*State v. MacRae*, 141 N.H. 106  (1996)                                4

*Strickland v. Washington*, 466 U.S. 668 (1984)                        10

*United States ex rel. Hutcheson v. Blackstone Med., Inc.,*
647 F.3d 377, 384 (1st Cir. 2011)                                    9

*Walker v. Kelly*, 589 F.3d 127 (4th Cir. 2009)                        1, 8, 11

*White v. Fair*, 289 F. 3d 1 (1st Cir. 2012)                         12

*Wolf v. Johnson*, 565 F.3d 140 (4th Cir. 2009)                      8, 11

Statutes and Rules

28 U.S.C. § 2254

28 U.S.C. § 2254 Rule 11

28 U.S.C. § 2253(c)(2)

Fed.R.Civ.P. 12(b)(6)

Fed.R.Civ.P. 81(a)(2)

Citation Note

Citations listed as "Doc. #:#" refer to the numbered documents listed in the district court docket sheet, followed by the page number, after the colon. For ease of reference, we have also included the page numbers in the original documents ("pp')

# I. INTRODUCTION

On January 29, 2014, Gordon MacRae, filed a petition for habeas corpus in the United States District Court for the District of New Hampshire, pursuant to 18 U.S.C. 2254. The petition included an ineffective assistance of counsel claim and new evidence in support of a claim for actual innocence. (Doc. 1) Respondent ("state") filed a motion to dismiss the petition, arguing that it was untimely. (Doc. 11)

On March 17, 2015, the district court heard argument on the state's motion. On March 25, 2015, the court granted the motion "for reasons stated on the record at the March 17, 2015 hearing." A Certificate of Appealability ("COA") was denied. (Doc. 20, 21) A COA – and ultimately reversal – is warranted for several reasons.

## A. THE DISTRICT COURT DEPARTED FROM SETTLED RULES GOVERNING MOTIONS TO DISMISS

Rather than answer the petition, the state filed a motion to dismiss – governed by Fed.R.Civ.P. 12(b)(6), which limits the court's consideration to a test of the legal sufficiency of the petition. *Walker v. Kelly*, 589 F.3d 127 (4th Cir. 2009). MacRae's petition properly includes all of the elements required by §2254: ineffective assistance of counsel and an actual innocence claim, that overcomes any time bar.[1] *McQuiggin v. Perkins*, __ U.S. __, 133 S.Ct. 1924 (2013). The district court

---

[1]The state did not argue that MacRae had not pled the elements. It argued that MacRae's petition was unpersuasive. (Doc. 21)

abandoned Rule 12(b)(6) and granted the state's motion based on findings of fact. Accordingly, the district court departed from the settled procedural rule, and reached a result contrary to that which would have been reached according to the proper rule.

The district court's procedure was novel, contrary to the law of other circuits, and has not been approved of by this Court. Accordingly, a COA is warranted.

## B. THE DISTRICT COURT FAILED TO CONSIDER NEW EVIDENCE IN THE CONTEXT OF THE TRIAL AND ALL OF THE EVIDENCE

A COA should also be granted because the district court relied on an incorrect process to decide the merits of the petition (though it should not have reached the merits, at all). The court considered the actual innocence claim presented in isolation, rather than in the context of the entire case, as is required by *McQuiggin*.

## II. STANDARD FOR GRANTING COA

Under 28 U.S.C. § 2253(c)(2), a COA should issue when the petitioner shows only that "reasonable jurists could debate...whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003)(whether resolution is debatable among jurists of reason). That "modest standard" establishes the "substantial showing of the denial of a constitutional right" that warrants a COA. A petitioner need not prove that some jurists would grant the petition. Indeed, a claim can be debatable

even though ultimately "every jurist of reason might agree...that petitioner will not prevail" upon full habeas review. *Miller-El,* 537 U.S. at 338.[2]

Further, "any doubt regarding whether to grant a COA is resolved in favor of the petitioner." *Haynes v. Quarterman*, 526 F3d 189, 193 (5th Cir. 2008); accord *Porter v. Gramley*, 112 F.3d 1308, 1312 (7th Cir. 1997).

Granting a COA is appropriate when: the legal question at issue has never been decided by the circuit court (*e.g.*, *Houston v. Lack*, 487 U.S. 266, 269 (1988)); the same or a similar issue has been resolved favorably to petitioner by another circuit (*e.g., Lozada v. Deeds*, 498 U.S. 430, 431-432 (1991)); the district court applied a novel interpretation of the law or decided complex or substantial issues when adjudicating the claim; and the proper adjudication may require evidentiary development (*e.g.*, *Smith v. Wainwright*, 737 F.2d 1036, 1037 (11th Cir. 1984)). All of those things are present here.

The district court departed from settled rules for considering motions to dismiss and assessed actual innocence in a novel fashion that is contrary to other circuit court

---

[2]That "reasonable-jurists-could-debate" threshold is a "modest standard," is acknowledged by circuit courts. *Randolph v. Kemna*, 276 F.3d 401, 403 n.1 (8th Cir. 2002). It is satisfied if "a court could resolve the issues in a different manner" *Id*. (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)); *Lambright v. Stewart*, 220 F.3d 1022, 1024 (2000)(granting COA for issues that meet AEDPA's "modest standard to proceed");  232 F.3d 1197, 1202 (9th Cir. 2000).

law and that has not been approved by this court. A COA is necessary.

## III.  STATEMENT OF THE CASE

### A.  PROCEDURAL HISTORY

Following a 10-day jury trial in New Hampshire, on September 23, 1994, MacRae was convicted of two counts of Felonious Sexual Assault and four counts of Aggravated Felonious Sexual Assault, related to four acts of abuse alleged by 26-year-old complainant TG. He was sentenced to a prison term of 33½ to 67 years. On June 6, 1996, the conviction was affirmed. *State v. MacRae*, 141 N.H. 106  (1996).

On April 24, 2012, MacRae filed a Motion for a New Trial in Merrimack County Superior Court, raising ineffective assistance of counsel and newly discovered evidence. The petition was denied, without a hearing, in two rulings on March 15, 2013 and July 9, 2013. The state Supreme Court denied review on September 26, 2013. The federal district court denied MacRae's petition on March 25, 2015. MacRae maintains his innocence. He is incarcerated.

### B.  STATEMENT OF FACTS

#### 1.  Preliminary Statement

The particular facts of the case are critical to the consideration of a COA. Page limits permit only a cursory presentation of facts. We urge the Court to review the statement of facts in MacRae's habeas petition. (Doc. 1:14-43; pp. 3-32)

<u>2.</u>     <u>The State Developed a Weak Case for Trial</u>

Proffered evidence of guilt was limited to the testimony of complainant, 26 year-old TG, an admitted liar, criminal, and drug addict, who claimed to have been molested by MacRae (a Catholic priest) on four occasions, eleven years earlier; three of those in places with people just on the other side of a door, with a window in it. (Doc. 1:24-30; pp. 13-19)

Evidence at trial revealed the false details of TG's claims. For example, doors that he claimed were locked by MacRae did not lock. A couch that he claimed was in an office was never there. A chess set included in accusations was not purchased until years later. The years of therapy that TG claimed were needed to deal with trauma of abuse were nothing but a few sessions, for which the therapist notes contain "nothing about Mr. MacRae." (Doc. 1:23; p. 12)

TG admitted to family and friends, before and during trial, that his accusations were lies – perjury designed to elicit a cash settlement from the local Catholic diocese once MacRae was convicted. (Doc. 1:18,73; pp. 7, 62 (petition statement of facts contains examples of TG's admissions.))[3]

Thus, the state's case was weak, consisting of admittedly false claims of a

_____

[3]The family and friends testimony was not presented at trial. However, the state habeas court found that the witnesses were available to the defense at trial, but counsel failed to exercise diligence to obtain their testimony. (Doc.1:64; p.53)

confessed criminal and liar, contradicted by objective evidence.

The state's case was weaker for what it was not permitted to present. Pre-trial, the court suppressed three claims of uncharged acts made by TG. They were the most dramatic allegations, containing the only claim of violence and, unlike the charged acts, two of them alleged abuse in isolated locations. Also, the state would not be permitted to have its detective vouch for the truth of TG's claims.

The state case would have been hampered further if defense counsel had taken advantage of the opportunity to interview TG before trial. Thus, preventing TG from changing his stories at trial to avoid impeachment and enabling the defense to investigate TG's accusations and defend against them.

In all, the state had nothing at trial, but for the visceral impact of abuse accusations against a priest – made by an admitted liar.

3.    It Was Defense Counsel's Conduct That Won the Conviction

The weakness of the state's case was the strength of the defense. Defense counsel's efforts, however, bolstered the state's efforts and destroyed the defense.

In his opening statement, counsel made a single comment that opened the door to all of the excluded uncharged acts testimony. As a result, the jury was barraged with nearly twice as many stories of abuse – the uncharged ones being the most graphic and prejudicial. (Doc. 1:40-41, 53-63; pp. 29-30, 42-52) Counsel also

acquiesced to the detective's testimony that TG's claims bore indicia of truth. (Doc. 1:69-71; pp. 58-60) Thus, defense counsel enhanced the state's direct case. Further, counsel did not interview TG before trial – leaving him free to shift and shape his accusations through trial to suit his needs. (Doc. 1:60-61; pp. 71-72) Worse, before trial, defense counsel gave the state the entire defense strategy – including documents containing MacRae's statements, assessments and analysis of the evidence, responses to accusations, and even completed questionnaires that counsel had obtained from defense witnesses. (Doc. 1:66-68; pp. 55-57)

Years after trial, TG's friends and relatives provided statements to an investigator working for MacRae, describing TG's scam against the church – his false accusations and perjury. MacRae argued in state court that those newly discovered statements require vacatur of his conviction. The state court found that the evidence was not "newly discovered," because it was available to MacRae at trial. According to the court, counsel's performance - failing to obtain that evidence – was deficient.[4] (Doc. 1:64-65; pp. 53-54) Thus, again, counsel's conduct fortified the state's case.

Counsel served the state as it could not have done for itself. He enhanced the prosecution and crippled MacRae. The conviction was the result.

---

[4]The state court did not rule on the credibility of the new evidence or the prejudice caused by counsel's deficient performance – failure to collect the statements. Those are *de novo* considerations for the §2254 court.

# IV. REASONS FOR GRANTING COA

**A.** A COA SHOULD BE GRANTED BECAUSE THE DISTRICT COURT DEPARTED FROM SETTLED RULES FOR DECIDING MOTIONS TO DISMISS

> ### 1. Motions to Dismiss a § 2254 Petition are Governed by Fed.R.Civ.P. 12(b)(6)

Motions to dismiss § 2254 petitions are governed by Fed.R.Civ.P. 12(b)(6).[5] *Walker v. Kelly*, 589 F.3d 127 (4th Cir. 2009); *Wolf v. Johnson*, 565 F.3d 140 (4th Cir. 2009); *Delgado v. Dennehy*, 503 F.Supp.2d 411, 413 (D.Mass. 2005).

Pursuant to Rule 12(b)(6), a motion to dismiss must show that the petitioner failed to state a claim for which relief can be granted. The court's review of a motion to dismiss is limited to the legal sufficiency of the pleading. Accordingly, a motion to dismiss may be granted only if the pleading "does not set forth factual allegations either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Lemelson v. U.S. Bank Nat* Ass'n., 721 F3d 18 (1st Cir. 2013); *United States ex rel. Hutcheson v. Blackstone Med., Inc.,* 647 F.3d 377, 384 (1st Cir. 2011) A motion to dismiss must be denied where the pleading

---

[5]*See*, § 2254 Rule 11 ("Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied when appropriate to petitions filed under these rules"); Fed.R.Civ.P. 81(a)(2)("rules are applicable to proceedings for...habeas corpus...to the extent that the practice in such proceedings is not set forth in the statutes of the United States, the Rules Governing Section 2254 Cases...and has heretofore conformed to the practice in civil action"). *Wolf v. Johnson*, 565 F.3d 140 (4thCir.2009), *Walker v. Kelly*, 589 F.3d 127 (4th Cir. 2009).

"contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Lemelson, supra*.; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007)(sufficient pleading contains "direct or inferential allegations" respecting material elements of a viable legal theory).

This Court reviews the district court's dismissal of the state's motion to dismiss *de novo*. *Artuso v. Vertex Pharm, Inc.*, 637 F.3d 1, 5 (1ˢᵗ Cir. 2011) Petitioner's well-pleaded facts must be accepted as true, and all reasonable inferences must be drawn in petitioner's favor. *Lemelson*, *supra*; *Sanchez ex rel D.R.-S. v. United States*, 671 F.3d 86 (2012).

Adherence to well-settled procedural rules is important in any litigation, but especially in habeas cases in which particular §2254 rules and substantive claims are prone to complex interpretation, or "haziness," as the district court here observed. Adherence to settled rules eliminates haziness and ensures predictability and fairness. (That is particularly important in habeas cases, so many of which are brought by *pro se* prisoners.) Thus, the district court's departure from the established procedural rule here is erroneous in this case – as well as in the greater context of habeas litigation.

## 2. MacRae's §2254 Petition Contains All the Necessary Elements for Legal Sufficiency

MacRae's petition is legally sufficient to survive a Rule 12(b)(6) analysis. It contains a Sixth Amendment claim of ineffective assistance of counsel, including instances of deficient performance and prejudicial effect. It shows also that the state court adjudication of that claim was an unreasonable application of clearly established federal law, as determined by the Supreme Court, and resulted in a decision based on an unreasonable determination of the facts in light of the evidence. (Doc. 1:49-73; pp. 38-62) Accordingly, the independent violation of MacRae's constitutional rights is properly pled, pursuant to 18 U.S.C. 2254(a) and *Strickland v. Washington*, 466 U.S. 668 (1984).

MacRae's petition also presents new evidence to support an actual innocence claim – which overcomes any § 2254 time barriers (Doc. 1: 73-75; pp. 62-64). *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013).

Thus, MacRae's petition properly presents all of the elements required to show that he is entitled to relief under § 2254. Consideration of the state's motion to dismiss, according to Fed.R.Civ.P. 12(b)(6) requires that it be denied.

## 3. The District Court's Departure From Settled Rules Necessitate a COA

The state's choice to litigate by a responsive pre-pleading motion, rather than by answer, limits the court's review to a test of legal sufficiency, with all facts to be

determined in MacRae's favor. *Lemelson*, *supra*.

The district court acknowledged that motions to dismiss § 2254 petitions are treated as Fed.R.Civ.P. 12(b)(6) motions. (Doc. 21:28) But instead of applying that rule, and without an evidentiary hearing, the court decided the underlying facts of the case. And, it decided them contrary to the petition claims. That departure from the settled rule and standard necessitates a COA.

A COA should issue when "reasonable jurists could debate...whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, *supra*; *Miller-El v. Cockrell*, *supra*. That is the case here.

**First**, another circuit, and at least one district court, has held that motions to dismiss are governed by Fed.R.Civ.P. 12(b)(6). *Walker*, *supra*,; *Wolfe*, *supra*.; *Delgado*, *supra*. Evidencing the reasonable jurist question concerning the appropriate application of the rule, the district court here agreed that motions to dismiss § 2254 petitions are treated as Fed.R.Civ.P. 12(b)(6) motions, yet departed from it. (Doc. 21: 28) Thus, there exists a debate among reasonable jurists about whether the traditional application of the Federal Rule of Civil Procedure is required. Thus, a COA should be issued. *Lozada v. Deeds,* 498 US 430, 431-432 (1991)(*per curium*)(authority in other circuits demonstrates that the issue could be resolved differently).

**Second**, a COA should be issued when the district court applied a novel interpretation of law. Here, the district court opted not to follow the settled Fed.R.Civ.P. 12(b)(6) based on the proposition of "a lot of haziness in habeas."[6] (Doc. 21:41) Whether "haziness" is sufficient to warrant *ad hoc* departure from the settled rule is a novel question. Indeed, procedural rules, by intent and definition, minimizes "haziness." Thus, the propriety of the court's departure from the settled rule is debatable by reasonable jurists, because it is a novel interpretation of law and procedure. *Smith v. Wainwright, supra.*

**Third**, a COA should issue when the legal question presented has not been decided by the circuit court. *Houston v. Lack*, 487 US 266, 269 (1988)(discussing lower court grant of COA based on "question of first impression in the jurisdiction"). This Court has cited Rule 11 of the Rules governing § 2254 cases for the proposition that Federal Rules of Civil Procedure are applicable to habeas cases (*White v. Fair*, 289 F.3d 1 (1st Cir. 2012)) and has acknowledged the application of Fed.R.Civ.P. 12 in the context of §2254 petitions (*Dellelo v. Ponte*, 7 F.3d 218 (1st Cir. 1993). This Court has not, however, decided that a § 2254 court may depart from settled procedural rules to decide a motion to dismiss – or other procedural motion.

---

[6]The court stated that the motion to dismiss is not "really on the pleadings," because it questions "whether [MacRae's] case is time barred." (Doc. 21:15-16) Time is an element of §2254, thus the motion filed was on the pleadings.

The district court adopted a novel approach to §2254 procedure. A COA is necessary to settle the propriety of its action that is contradicted by other courts, has not been addressed by this court, and that is based on a novel characterization of habeas law.

**B.    THIS COURT SHOULD GRANT A COA BECAUSE IT IS DEBATABLE WHETHER THE DISTRICT COURT WAS CORRECT IN REJECTING THE ACTUAL INNOCENCE CLAIM.[7]**

Actual innocence overcomes procedural impediments to a §2254 petition, including any time bar. *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013); *Schlup v. Delo*, 513 U.S. 298 (1995). To establish actual innocence, a petitioner must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 324.

Claims of actual innocence concerning time bars are rare, controlled by *McQuiggin* – just two years old. Debate by reasonable jurists over the application of such a recent decision is unavoidable. The district court's resolution here raises several bases for a COA.

---

[7] The district court rejected the actual innocence claim based on findings of fact, contrary to Rule 12(b)(6). (Section A, *supra*.) If the Court finds that the district court was incorrect in departing from that procedural rule, its decision concerning actual innocence would be moot. Our argument in this section is not a concession that the district court properly considered the merits of the case in the context of the state's motion to dismiss.

1. <u>Actual Innocence Analysis Requires Consideration of New Evidence in the Context of the Entire Case</u>

In assessing actual innocence, new evidence must be considered in the context of the whole case – without concern for admissibility rules. *Schlup* at 327-328. "[W]ith all the evidence in mind," the court must "assess the likely impact of the evidence on reasonable jurors...." *House v. Bell*, 547 U.S. 518, 538 (2006).

Assessment is not limited to whether new evidence alone is sufficient to establish innocence. Rather, it is the impact of the new evidence on the entire case that is key. In *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005), for example, new evidence "chip[ped] away" at the evidence presented a trial. It was the evaluation of "the totality of the evidence offered at trial and the new evidence presented in the habeas petition" from which the court concluded that petitioner "has met his burden of establishing a gateway actual innocence claim." *Souter*, 395 at 596. The Fifth Circuit in *Finley v. Johnson*, 243 F.3d 215 (5th Cir. 2001), considered a new affidavit contradicting a single phrase in the trial prosecutor's argument. The affidavit alone did not prove innocence. But, in the context of the whole case, it raised a reasonable probability that the jury would have rejected the phrase and voted to acquit.

The Ninth Circuit, in *Silva v. Wood*, 14 Fed.Appx. 803 (9th Cir. 2001), reversed the district court's denial of an actual innocence claim because the "court erroneously failed to evaluate properly all the evidence, both old and new...and in so doing abused

its discretion in finding that the new evidence has no import on the previous evaluations of the totality of [the circumstances]." The court held, "[i]n light of the totality of both the old and new evidence, it is more likely than not that no reasonable juror would have convicted him." *Silva*, 14 Fed.Appx. at 805.

2.  The District Court Did Not Conduct a Proper Analysis

**a.  The Court Applied a Novel and Erroneous Standard of Review**

The district court rejected the actual innocence claim because, it ruled, the new evidence is "...unlikely...*to eliminate the possibility* that [] a reasonable juror would find guilt in this case, which is the standard." (T. 46-50 (*emphasis added*)) The court relied on an incorrect – and more onerous – standard.

The standard for determining actual innocence is that "it is *more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 at 324 (*emphasis added*). Evidence need not "eliminate the possibility." The district court's novel, and too-severe, burden contradicts that established by the Supreme Court. A COA should be issued.

**b.  The District Court Did Not Consider the Context of the Entire Case**

A proper innocence analysis requires consideration of the content and context of the entire case – including trial evidence that should have been suppressed, was erroneously suppressed, or came available only after trial. *Schlup*, 513 U.S. at 328.

The constitutional error presented in the §2254 petition must be considered, as well. *McQuiggin*, 133 S.Ct. at 1936.

The district court erroneously limited that review. It rejected new evidence of TG's admissions of manufacturing the accusations because, "[t]he jury's own impressions of [TG]," would have been unchanged by that evidence alone. (T. 52)

The district court's standard undermines substantive review. The "jury's own impressions" about TG and the accusations were the product of everything that the jury experienced at trial. That included evidence admitted only because of ineffective assistance of counsel: *i.e.*, massive amounts of dramatic uncharged acts stories; and the detective's assurances that TG's claims had the appearance of truth.

Absent ineffective assistance, the jury's impressions would have been based on far less: stories leveled by TG – who even at trial had to concede his life as a liar and criminal – that were undermined by physical evidence. Moreover, absent the ineffective assistance (according to the state court), the defense would have had the statements from the people closest to TG containing his admissions of lies and perjury in pursuit of money from the church.

Further, *McQuiggin* requires that the constitutional error contained in the petition be considered as part of the actual innocence analysis. *McQuiggin* states that innocence cannot be established unless the court is convinced that the trial was not

free of constitutional error. *McQuiggin*, 133 S.Ct. at 1936, *citing*, *Schlup*, 513 U.S.

at 316. Thus, consideration of actual innocence must be linked to – not to be isolated

from – the constitutional errors presented in the petition (ineffective assistance of

counsel). Again, the analysis requires consideration of context of the entire case.[8]

The district court failed to consider the full context. It did not consider: the

ineffective assistance; what the trial would have looked like absent defense counsel's

service to the state; or the totality of the circumstances in which "the jury's own

impressions" were formed at trial – and would have been formed absent the

constitutional ineffective assistance of counsel error raised in the habeas petition.[9]

The §2254 court is required to consider the full context. *Schlup*, *supra*. The

---

[8]Isolating the actual innocence claim from the remainder of the habeas petition, the court cited *McQuiggin*'s statement that the "actual innocence gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial... [and] unless the court is also satisfied that the trial was free of nonharmless constitutional error." (T. 54; *citing McQuiggin*) That is not an instruction to separate the innocence claim from the remainder of the petition. The presence or absence of constitutional error can only be determined through a contextual analysis of the constitutional error presented in the habeas petition, as well as the entire case.

[9]Another example of the court's failure to consider new evidence in the context of trial is its finding of "no objective corroboration to any" of it. (Doc. 21: 48) In fact, trial evidence reveals: TG's locked doors had no locks, his chess set and sofa did not exist, and his intensive therapy claims are belied by few sessions and notes containing nothing about MacRae. That corroborates new evidence of TG's admissions of perjury. The court's limited assessment did not place "all the evidence in mind," and is erroneous. *House*, 547 US at 538.

17

district court's novel approach, contrary to Supreme Court precedent, gives rise to debate by reasonable jurists and evidences a need for a COA.

**c.** **The District Court Subjected the New Evidence to Erroneous Criteria**

The district court rejected new evidence because on its own, it does not prove innocence. For example, the court would not consider new evidence of TG's "overall creepiness in dealing with teenage girls..." because it is "not evidence of actual innocence." (T. 45) That is not the standard.

*McQuiggin* and *Shlup* (and the circuit courts) do not limit consideration of new evidence to direct evidence of innocence. Rather, new evidence is sufficient if it casts the case in a light that reveals innocence. *E.g.*, *Souter*, *supra*, (new evidence "chip[ped] away" at trial); *Finley*, *supra* (new evidence contradicted prosecutor's argument). In fact, failure "to evaluate properly all the evidence, both old and new" is an abuse of discretion. *Silva*, *supra*.

MacRae's conviction rests on the jury's belief in TG's character and claims. Two young girls' descriptions of TG's sexual aggression, including of waking at night to find him between their beds staring at them, is chilling. The district court found it "creepy." The jury would have been no less moved – particularly when that evidence is added to evidence of TG's admissions of perjury (contained in the new evidence), and the trial evidence of his criminal history, dishonesty, and deceit. The

girls need not provide evidence of innocence. Their evidence undermines the conviction – by providing perspective of TG and his stories.

Limiting its consideration to only direct evidence of innocence, the district court did not consider the impact of all of the new evidence on all aspects of the trial, particularly TG's credibility – which was all the state had to offer.

That novel and  limited review is contrary to the decisions of the Supreme Court and other circuits. A COA is warranted.

## V.  CONCLUSION

The district court's rulings are novel, other circuits' decisions are contrary (raising evidence of issues debatable by reasonable jurists), and this Court has not deemed the process on which the district court relied to be permissible. For these reasons, a COA should be issued so the Court can consider:

1.  Whether it is permissible for the district court to depart from Fed.R.Civ.P. 12(b)(6) to decide a state's motion to dismiss in a §2254 case;

2.  Whether when considering an actual innocence claim in a §2254 case, the district court may apply a more burdensome "eliminate the possibility" standard, rather than the "more likely than not" standard set out by the Supreme Court;

3. Whether when considering an actual innocence claim, the district court may isolate that claim from the context of the entire case and the remainder of the §2254 petition;

4. Whether when considering an actual innocence claim, the district court may limit the new evidence that it will consider to that which directly shows innocence.

5. Any other issue that the Court deems just and proper.

Respectfully submitted,


/s/ Robert Rosenthal
Robert Rosenthal
Counselor at Law
523 East 14th Street, Suite 8d
New York, New York 10009
(212) 353-3752

Attorney for Petitioner Gordon MacRae

Dated: June 27, 2015