# United States Court of Appeals
## For the First Circuit

No. 15-1499

GORDON J. MACRAE,

Petitioner, Appellant,

v.

RICHARD M. GERRY, Warden, New Hampshire State Prison,

Respondent, Appellee.

Before

Torruella, Lynch and Thompson,
Circuit Judges.

**JUDGMENT**

Entered: April 19, 2016

     Petitioner Gordon MacRae requests a certificate of appealability (COA) to appeal from the dismissal of his habeas petition as time-barred. He seeks to vacate his 1994 New Hampshire state court conviction on the ground of ineffective assistance of counsel and to overcome the statute of limitations in reliance upon the "'actual innocence' gateway" under McQuiggin v. Perkins, 133 S.Ct. 1924, 1928 (2013). The Supreme Court has cautioned "that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.' Schlup, 513 U.S., at 329, 115 S.Ct. 851; see House, 547 U.S., at 538, 126 S.Ct. 2064 (emphasizing that the Schlup standard is 'demanding' and seldom met)." Id. at 1928.

     Essentially for the reasons stated by the district court at the March 17, 2015 hearing on respondent's motion to dismiss, we conclude that jurists of reason could not find debatable or wrong the conclusion that petitioner failed to meet the gateway actual innocence standard. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

With respect to petitioner's specific claims of error, reasonable jurists could not find that the district court erred either in failing to hold an evidentiary hearing or in its treatment of the substantive claims contained in the statements and private investigator's notes submitted as new evidence. See Schlup v. Delo, 513 U.S. 298, 331-332 (1995)(directing that "the District Court must assess the probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial," and it may "consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence.").

Nor could reasonable jurists find debatable or wrong the actual innocence gateway standard that the district court applied at the hearing on the motion to dismiss, which was the equivalent of the Schlup standard: "'more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt,'". Dkt # 23, p. 43 (quoting Schlup).

To the extent that petitioner faults the district court for failing to consider his underlying ineffective assistance claim in applying McQuiggin's actual innocence standard, the case law does not support that argument. The "gateway" actual innocence claim provides a way that a petitioner "'may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence.'" McQuiggin, 133 S.Ct. at 1931 (citations omitted and emphasis added). The actual innocence standard must be satisfied before the petitioner may "pass through the gateway and argue the merits of his underlying claims." Schlup, 513 U.S. at 316. "Absent a showing of his actual innocence, we must refrain from reviewing the substance of [petitioner's] procedurally defaulted habeas claims." Coleman v. Lemke, 739 F.3d 342, 345 (7th Cir. 2014); see also Teleguz v. Zook, 806 F.3d 803, 808 (4th Cir. 2015)(stating that only after the petitioner has satisfied the Schlup standard, "may the district court reach the merits of the petitioner's procedurally defaulted claims").

Finally, reasonable jurists could not find debatable or wrong the district court's choice to focus in its decision on the newly presented evidence on which petitioner primarily relied in his opposition to the motion to dismiss and to fail to expressly address each piece of evidence submitted by the petitioner.

Petitioner's COA request is denied and the appeal is terminated.

By the Court:

/s/ Margaret Carter, Clerk

cc:
Robert Rosenthal
Cathy J. Green
Elizabeth Christian Woodcock